UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
|  | ) |
| v. | ) CRIMINAL NO. 04-10115-RCL |
|  | ) |
| **KEVIN VICKERS** | ) |
| **Defendant** | ) |
|  | ) |

### GOVERNMENT'S MOTION TO CONTINUE SENTENCING

Now comes the United States, by its attorneys, Michael J. Sullivan, United States Attorney, and David G. Tobin, Assistant U.S. Attorney, and hereby moves this Honorable Court to continue the defendant's sentencing to a date not earlier than September 6, 2005. As grounds for this motion, the government avers the following: 1) The defendant is scheduled to plead guilty and be sentenced on August 24, 2005; 2) United States Probation has completed and filed with the Court a pre-plea pre-sentence report in which the defendant is determined to qualify as a Career Offender pursuant to U.S.S.G. § 4B1.1; and 3) One of the two identified predicate offenses for the Career Offender designation is a 2003 conviction from the Dorchester District Court for Breaking and Entering in the Daytime With the Intent to Commit a Felony [see paragraph 52 of the pre-sentence report].

Although not raised by the defendant in his objections to the pre-sentence report or in his Sentencing Memorandum, this Court must determine if the above-referenced offense involved the breaking and entering of a building, as opposed to a boat or

vehicle, in order to consider it as a predicate offense for a Career Offender determination. See Shepard v. United States, 125 S.Ct. 1254 (2005). In Shepard, the Supreme Court held "enquiry under the ACCA to determine whether a plea of guilty to burglary defined by a nongeneric statute necessarily admitted elements of the generic offense is limited to the terms of the charging document, the terms of the plea agreement or transcript of the colloquy between the judge and defendant in which the factual basis for the plea was confirmed by the defendant." Shepard v. United States, 125 S.Ct at 1263.

The Massachusetts state statute under which the defendant was convicted (M.G.L. 266 § 18) criminalizes the breaking and entering of a "building, ship or motor vehicle or vessels." As a result, recourse to the plea transcript is required to determine for Career Offender purposes if the defendant broke and entered a building.[1]

---

[1] A review of the police report reveals that the defendant kicked in the door of a building in Dorchester and stole a television.

2

The undersigned has contacted the Dorchester District Court Criminal Clerk's Office and requested a copy of the tape of the defendant's 2003 plea hearing.  The tape should be available by August 31, 2005.

                                    Respectfully submitted,

                                    MICHAEL J. SULLIVAN
                                    United States Attorney

                        By: */s/ David G. Tobin*
                                    DAVID G. TOBIN
                                    Assistant U.S. Attorney

Dated:  August 24, 2005