Vickers Statement of Reasons

I have imposed a non-Guidelines sentence in this case. If the guideline range as determined by the court were applicable, the defendant would face a term of imprisonment of 37-46 moths. As originally calculated by the Probation Office, the defendant's sentence would have been enhanced by the career offender provision to a term of imprisonment of 188-235 months. The decision of the Supreme Court in *Shepard v. United States*, 125 S. Ct. 1254 (2005) has resulted in there being, in this case, insufficient proof of one of the predicate offenses for the application of the career offender provision. Accordingly, the career offender provision cannot be applied. Still, this defendant has a long and unbroken criminal history that spans his life from age twelve to the present. Moreover, it does not appear that the defendant has ever been gainfully employed for any significant period of time. In light of that criminal history and the likelihood of further criminal conduct (owing to the defendant's non-existent employment history and lack of job skills), a sentence greater than what the Guidelines would have required is appropriate. By selecting a term of imprisonment of 84 months, I have balanced the culpability of the defendant in the offense of conviction (distribution of a relatively small amount of cocaine base) with a criminal history that is long, but which, for the most part, comprises only low-level offenses. That sentence, in my view, is adequate to protect the public, to deter other criminal behavior by this defendant and others, and as sufficient punishment for the offense committed in this case. It is a sentence that is also proportional to the sentences I have imposed upon others involved in the conduct out of which the offense committed by this defendant arose.