# MANDATE

# United States Court of Appeals
## For the First Circuit

FILED
IN CLERKS OFFICE
massachusetts
2006 DEC 5 P 5:34 Lindsay

U.S. DISTRICT COURT
DISTRICT OF MASS.

No. 05-2579

UNITED STATES OF AMERICA,

Appellee,

v.

KEVIN VICKERS,

Defendant, Appellant.

Before

Torruella, Lynch and Lipez,
<u>Circuit Judges</u>.

JUDGMENT

Entered: November 15, 2006

    Kenneth Vickers ("Vickers"), who pled guilty to two counts of distributing crack cocaine near a playground, appeals from his 84-month, above-guidelines sentence. As grounds for appeal, he faults the district court for announcing its intention to impose a non-guidelines sentence before calculating the applicable guidelines range. See <u>United States</u> v. <u>Jiménez-Beltre</u>, 440 F.3d 514, 518 (1st Cir. 2006) (en banc) (stating that, "<u>[i]n most cases</u>, . . . the district court will have to calculate the applicable guidelines range . . . before deciding whether to exercise its new-found discretion to impose a non-guidelines sentence" (emphasis added)). He also argues that the court failed to explain sufficiently its reasons for imposing the chosen sentence in light of the factors listed in 18 U.S.C. § 3553(a). After carefully considering the parties' briefs and the underlying record, we affirm the sentence for the reasons detailed below.

    As to Vickers' sequencing argument, <u>Jiménez-Beltre</u> was decided after the sentence was imposed. We need not address <u>Jiménez-Beltre</u>, however, because defense counsel expressly agreed to that

protocol when the court proposed it,[1] thereby forfeiting all but plain error review on this issue. United States v. Feliz, 453 F.3d 33, 38 (1st Cir. 2006).

We find no such error since, in context, the court's initial announcement that it intended to impose a non-guidelines sentence was not limited to an above-guideline sentence. Rather, the court expressly assumed that Vickers would argue for a below-guidelines sentence, and the court did not foreclose that possibility. More important, before eventually imposing an above-guideline sentence, the court first calculated the guidelines range, and defense counsel agreed to the accuracy of the calculation. After that, the court heard arguments from the government and from defense counsel for above- and below-guidelines sentences, respectively. And, only after that did the court finally decide to impose an above-guidelines sentence, albeit one far below the 188-month sentence that the government recommended. Thus, we conclude that the district court's "understanding of [United States v.] Booker[, 543 U.S. 220 (2005),] was substantially correct and worked no injustice here sufficient to clear the hurdle of our plain error review." Feliz, 453 F.3d at 38; cf. United States v. Rivera Rangel, 2006 WL 3021125, at *6 (1st Cir. Oct. 25, 2006) (vacating and remanding a sentence where the sentencing court never calculated the applicable guidelines range before imposing sentence).

As Vickers concedes, the court did expressly articulate the reasons for its sentence, which can be further inferred from arguments made by counsel and information contained in the presentence report. Jiménez-Beltre, 440 F.3d at 519. The primary factor was Vickers' criminal history, which the court accurately described as "almost unbroken from age 12 to this very moment," thirteen years later, and as "reflect[ing] a rather consistent pattern of misbehavior." The court also relied heavily on the fact that, despite Vickers' history of drug and alcohol abuse, domestic violence, and unemployment, he denied the need for rehabilitation in those areas and refused to participate in treatment programs and job opportunities made available to him in the state-court system as conditions of his probation. The court also mentioned the fact that Vickers committed the offenses near a playground.

Vickers argues that those factors were already taken into

---

[1]That agreement was understandable and in Vickers' interest, given the government's alternative proposal that the sentencing be continued to give the government more time to gather the evidence necessary, under Shepard v. United States, 544 U.S. 13 (2005), to prove that one of Vickers' prior offenses was a "crime of violence," for purposes of applying a career offender enhancement under U.S.S.G. § 4B1.1, which would have greatly elevated his guidelines sentencing range.

account in calculating his guidelines range, which is true, at least for his criminal history and the protected locus of his offenses. However, as to his criminal history, as indicated above, the court explained why it found Vickers' history to be particularly troubling. We further note that seven of Vickers' prior convictions were not reflected in his criminal history score because they were too old to count. As to the proximity to a playground, we infer from the judge's questions and comments that he was concerned that both instances of selling crack had occurred in that protected location and that the playground in question was located in Vickers' own community, thus demonstrating his lack of concern for the safety of his neighbors and family. We therefore conclude that "this particular defendant's situation is [sufficiently] different from the ordinary situation covered by the guidelines calculation" to justify relying on factors already included in that calculation. Cf. United States v. Zapete-Garcia, 447 F.3d 57, 60 (1st Cir. 2006).

On appeal, Vickers does not press the mitigating factors he raised below--the allegedly unwarranted disparity between his sentence and those given to his co-defendants, the small amount of drugs involved, and the relatively minor nature of many of his prior offenses. In any event, the district court also expressly took those factors into consideration but found them outweighed by the other relevant factors on which it relied, which is entirely within its prerogative. See Dixon, 449 F.3d at 204.

Finally, Vickers argues that the degree of variance from the guidelines was "greater than necessary" to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2) and that the district court failed to explain why a lesser sentence would not have been "sufficient." See 18 U.S.C. § 3553(a). As we have previously reiterated, the magnitude of the variance from the guideline-recommended range does not make a sentence unreasonable as long as a sufficient explanation is provided. Zapete-Garcia, 447 F.3d at 61; United States v. Smith, 445 F.3d 1, 4 (1st Cir. 2006). Although "'[t]he farther the judge's sentence departs from the guidelines sentence . . . the more compelling the justification'" required, Smith, 445 F.3d at 4 (quoting United States v. Dean, 414 F.3d 725, 729 (7th Cir. 2005)), we find the explanation provided here to be sufficiently persuasive to justify the degree of variance in question, cf. United States v. Thurston, 456 F.3d 211, 219 (1st Cir. 2006) (finding a sentence twenty times lower than the bottom of the guidelines range to be insufficiently justified). Having provided a sufficient explanation for the sentence imposed, the court was not obligated to take the extra step of explaining why a hypothetical lower sentence would not be sufficient. United States v. Navedo-Concepción, 450 F.3d 54, 58 (1st Cir. 2006).

Accordingly, the sentence is <u>affirmed</u>.  <u>See</u> 1st Cir. R. 27(c).

By the Court:

Richard Cushing Donovan, Clerk.

By: _____
**MARGARET CARTER**
Chief Deputy Clerk.

Certified and Issued as Mandate
under Fed. R. App. P. 41.

Richard Cushing Donovan, Clerk

*Jennifer Colardo*
Deputy Clerk
Date: 12 6 06

[cc: Douglas J. Beaton, Esq., Patrick M. Hamilton AUSA, David G. Tobin, AUSA, Dina Michael Chaitowitz, AUSA, Jennifer Zacks, AUSA]